UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GORDON BLAKE JOHNPIER and<br>DUSTIN LEE HOPPER,<br><br>    Plaintiffs,<br><br>v.<br><br>RONNIE PRINCE et al.,<br><br>    Defendants. | No. 1:23-CV-00289-JRG-CHS |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se complaint under 42 U.S.C. § 1983 brought by Gordon Blake Johnpier and Dustin Lee Hopper (collectively "Plaintiffs") [Doc. 2], and their motions for leave to proceed *in forma pauperis* [Docs. 1, 4]. For the reasons set forth below, the Court will disallow permissive joinder of the Plaintiffs, sever Plaintiff Hopper from this action and direct the Clerk to open a new action for Plaintiff Hopper, and permit Plaintiff Johnpier to proceed in this civil action.

### I.    JOINDER DISALLOWED

Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). There are, however, significant practical problems with allowing multiple-plaintiff prisoner litigation. *Proctor v. Applegate*, 661 F. Supp. 2d 743,

780 (E.D. Mich. Sept. 20, 2009). Such problems include the "need for each plaintiff to sign every pleading," the fact that prisoner litigants are "notably transitory," the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," and the fact that multiple-plaintiff litigation "often results in pleadings being filed on behalf of plaintiffs without their consent." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009) (citations omitted). These unique factors in prisoner cases "make joint litigation exceptionally difficult." *Id*. The Court finds the practical problems of multiple-plaintiff litigation cited above counsel against the permissive joinder of Plaintiffs, and Plaintiffs will not be allowed to proceed jointly in this action.

## II. PLAINTIFF HOPPER

Under Rule 21 of the Federal Rules of Civil Procedure, this Court may sever this action to allow each Plaintiff to proceed separately. *See* Fed. R. Civ. P. 21. The Court finds it appropriate to do so in this case. Accordingly, Plaintiff Hopper is **SEVERED** from this action. The Clerk is **DIRECTED** to open a new civil action for Plaintiff Hopper using a copy of the complaint [Doc. 2] filed in the above-captioned case. The Clerk is further **DIRECTED** to transfer Plaintiff Hopper's motion to proceed *in forma pauperis* [Doc. 4] to the newly opened civil action and file a copy of this Order in that action.

The Court finds, however, that Plaintiff Hopper should file an amended complaint that asserts only his personal claims. Therefore, the Clerk is **DIRECTED** to send Plaintiff Hopper a § 1983 form and include his new civil action number on that form. Within twenty-one (21) days of entry of this Order, Plaintiff Hopper is **ORDERED** to file in the newly opened civil action a § 1983 complaint that contains a short and plain statement of the wrongdoing he has personally experienced and the person(s) responsible for the alleged wrongdoing. Plaintiff Hopper is

2

**NOTIFIED** that if he fails to file an amended complaint as ordered, his case may be dismissed for failure to prosecute and comply with an Order of the Court.

Also, Plaintiff Hopper's motion to proceed *in forma pauperis* is deficient. Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2).

Plaintiff Hopper has not paid the $405.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff Hopper has not filed a certified copy of his inmate trust account for the previous six-month period or its institutional equivalent. Therefore, the Court cannot currently determine whether Plaintiff Hopper is entitled to pauper status, which would permit him to pay the filing fee through installments. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

Therefore, the Clerk is **DIRECTED** to mail Plaintiff Hopper an inmate account form. Plaintiff Hopper is **ORDERED** to present this form to the custodian of inmate accounts, who is **DIRECTED** to make a copy of Plaintiff Hopper's inmate trust account statement, to complete and sign the certificate, and to provide him with the certified copy of his inmate trust account statement for the previous six-month period.

Plaintiff Hopper shall have thirty (30) days from the date of entry of this Order to pay the full filing fee or to submit the necessary documents. Plaintiff Hopper is hereby **NOTIFIED** that if he fails to fully timely comply with this Order, the Court shall presume that he is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

3

Case 1:23-cv-00293-JRG-CHS   Document 4   Filed 12/12/23   Page 3 of 5   PageID #: 25

Finally, Plaintiff Hopper is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

### III. PLAINTIFF JOHNPIER

As set forth above, Plaintiff Johnpier will proceed as the sole Plaintiff in the above-captioned case, and his motion to proceed *in forma pauperis* [Doc. 1 at 1–2] will be retained in this civil action number.[1] Additionally, the complaint filed in this cause appears to contain Plaintiff Johnpier's individual claims, and therefore, it is sufficient without supplementation or amendment [*See* Doc. 2]. However, Plaintiff Johnpier's motion to proceed *in forma pauperis* is deficient, as he has not paid the $405.00 filing fee or submitted a certified copy of his inmate trust account for the previous six-month period or its institutional equivalent. Therefore, the Court cannot currently determine whether Plaintiff Johnpier is entitled to pauper status, which would permit him to pay the filing fee through installments. *See* 28 U.S.C. § 1915(b)(1).

Therefore, the Clerk is **DIRECTED** to mail Plaintiff Johnpier an inmate account form. Plaintiff Johnpier is **ORDERED** to present this form to the custodian of inmate accounts, who is **DIRECTED** to make a copy of Plaintiff Johnpier's inmate trust account statement, to complete and sign the certificate, and to provide him with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff Johnpier's complaint.

---

[1] Plaintiffs' motions to proceed *in forma pauperis* were initially docketed as a single motion [Doc. 1]. Plaintiff Johnpier's motion comprises the first two pages of the document [*Id*. at 1–2].

Plaintiff Johnpier shall have thirty (30) days from the date of entry of this Order to pay the full filing fee or to submit the necessary documents. Plaintiff Johnpier is hereby **NOTIFIED** that if he fails to fully timely comply with this Order, the Court shall presume that Plaintiff Johnpier is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

Further, Plaintiff Johnpier is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Finally, Plaintiff Johnpier is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

> s/J. RONNIE GREER
> UNITED STATES DISTRICT JUDGE