UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DUSTIN LEE HOPPER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.1:23-CV-00293-JRG-CHS |
| RONNIE PRINCE, AUSTIN SWING, and CHARLES RICKETT, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter was initiated after Plaintiff, an inmate in the Bedford County Justice Complex, filed a joint *pro se* complaint with Inmate Johnpier [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. This Court severed Plaintiff from the joint lawsuit and ordered him to file both (1) the additional required documents required for the Court to allow him to proceed *in forma pauperis* and (2) an amended complaint setting forth his claims [Doc. 4 at 1–3]. In accordance with that order, Plaintiff has now filed (1) a pro se amended complaint for violation of 42 U.S.C. § 1983 [Doc. 5] and (2) the required documents for the Court to allow him to proceed *in forma pauperis* [Doc. 6]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] before screening the amended complaint [Doc. 5].

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 1] and financial documents [Doc. 6] that Plaintiff is unable to pay the filing fee in one lump sum, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900

Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief.  *Id.* at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim.  *Twombly*, 550 U.S. at 570.  However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right.  42 U.S.C. § 1983.

### B. Allegations

After Plaintiff and Inmate Johnpier asked Defendant Rickett when they would get their commissary, Defendant Rickett responded that if they asked about commissary one more time, he "would take [them] to south observation . . . and 'f*ck [them] in the ass'" [Doc. 5 at 3–4].  Multiple inmates, including Plaintiff, reported this incident, and Defendant Rickett was disciplined [*Id.* at 4].  However, Defendant Rickett is still able to be in the pod with Plaintiff and other inmates, and "[h]e sometimes taunts [them] by smiling and wa[]ving" [*Id.*].  Defendant Rickett also told Plaintiff that Plaintiff had lost his job, and when Plaintiff asked why, Defendant Rickett told him that the job was not permanent [*Id.*].

Plaintiff cannot submit grievances because he keeps getting an error message [*Id.*]. Additionally, Correctional Officer McBride is still making harassing comments to Plaintiff, such as talking about "'foot longs'" and an inability to even take "[a] six inch" [*Id.*].  Plaintiff confronted Officer McBride, who stated that he could do whatever he wants [*Id.* at 4].  Plaintiff told an investigator about this, at which point "[his] grievances were restricted" [*Id.* at 4–5].

Plaintiff "feel[s] like they think this is a joke" and that "[t]hey can harass gay inmates and laugh about it" [*Id.* at 5]. He further states that "[a]s a bisexual inmate [he] would like to" move to a different jail [*Id.*].

Plaintiff has sued Ronnie Prince, Austin Swing, and Charles Rickett [*Id.* at 3]. As relief, Plaintiff seeks "$150,000 for sexual harassment" and payment for his future medical and mental health expenses, as well as payment for his pain and suffering [*Id.* at 5].

### C. Analysis

For the reasons set forth below, the amended complaint fails to state a claim upon which relief may be granted under § 1983.

First, Plaintiff's amended complaint makes no factual allegations about Defendants Prince and Swing. To the extent that Plaintiff seeks to hold these Defendants liable for the acts of other individuals named in the amended complaint, he does not provide any facts from which the Court can plausibly infer that these Defendants were personally involved in those acts, and these Defendants cannot be liable under § 1983 solely based on a position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim). Accordingly, these Defendants will be **DISMISSED**.

Next, Plaintiff's claim that Defendant Rickett made a sexually charged threat against him and Inmate Johnpier fails to state a claim upon which relief may be granted under § 1983 for the same reasons this Court held that Inmate Johnpier's substantively similar claim against Defendant Rickett failed to state a claim upon which relief may be granted under § 1983. *Johnpier v. Bedford*

4

*Cnty. Jail*, No 1:23-CV-00289-JRG-CHS, 2024 WL 54597, at *2 (E.D. Tenn. Jan. 4, 2024). Specifically, in Inmate Johnpier's case, the Court addressed this claim as follows:

> Plaintiff's claim that CO Rickett threatened him with sexually charged language does not give rise to a constitutional claim, as such conduct is not "punishment" in the constitutional sense. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Faulkner v. Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983." (citing *Williams v. Gobies*, 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000))). This conclusion is not altered by Plaintiff's claim that CO Rickett allegedly threatened to use physical force, as the mere threat of force is not tantamount to a use of force. *See, e.g., Mattingly v. Barnes*, No. 3:14-CV-591-J-32JBT, 2018 WL 1496929, at *14 (M.D. Fla. Mar. 27, 2018), *aff'd sub nom. Mattingly v. Duval Cnty. Jail*, 777 F. App'x 971 (11th Cir. 2019) (noting "Plaintiff's allegation that Defendant Khan threatened to 'taze' him" failed to state a claim, as "verbal threats and harassment are generally not actionable under § 1983"); *Bourne v. Awomolo*, No. 1:16-CV-957, 2016 WL 4771240, at *3–4 (W.D. Mich. Sept. 14, 2016) (holding "circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain").

*Id.*

Plaintiff's allegation that Defendant Rickett told Plaintiff that Plaintiff had lost his job after the sexual threat incident also does not allow the Court to plausibly infer a violation of Plaintiff's constitutional rights. Plaintiff does not have a constitutional right to a job in jail. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to . . . jobs"). Also, while Plaintiff indicates that he reported the sexual threat from Defendant Rickett at some point before he lost his job, these allegations do not assert a plausible retaliation claim under § 1983, as Plaintiff does not provide any facts from which the Court can plausibly infer that (1) Defendant Rickett played any role in deciding that Plaintiff no longer would have this job, or (2) the decision that Plaintiff would no longer have the job was related in any way to

5

Plaintiff reporting the sexual threat incident with Defendant Rickett, rather than the temporary nature of Plaintiff's job. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (providing that a § 1983 retaliation claim has three elements (1) "the plaintiff engaged in protected conduct"; (2) the defendant took a sufficiently serious adverse action that would deter a prisoner of "ordinary firmness" from continuing to engage in the protected conduct against the plaintiff; and (3) protected conduct motivated the adverse action at least in part).

Plaintiff's allegations of other harassment from Defendant Rickett and Officer McBride also fail to rise to the level of a constitutional violation. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse are not the type of infliction of pain the Eighth Amendment prohibits).

Plaintiff additionally alleges that after he told an investigator about Officer McBride's harassment, his ability to file grievances was restricted. But Plaintiff does not have a constitutional right to an effective grievance procedure. *Argue*, 80 F. App'x at 430 (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"). And Plaintiff's amended complaint does not suggest that his report to the investigator about Officer McBride in any way caused the restriction on his ability to file grievances, or that any Defendant was responsible for this restriction. Accordingly, this allegation also fails to state a claim upon which relief may be granted under § 1983. *Frazier*, 41 F. App'x at 764. *Thaddeus-X*, 175 F.3d at 394.

As such, even liberally construing the amended complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
